

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00329-CV

## IN THE MATTER OF A.J., A JUVENILE,

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 418-J-15**

## ORDER

By late December of 2016, the docketing statement in this appeal had not been filed with this Court, the appellate filing fees had not been paid, and the reporter's record had not been requested. In early December, by letters dated December 5 and December 6, 2016, the Clerk of this Court had warned appellant's counsel that 1) the appeal would proceed on the clerk's record alone if a reporter's record was not requested within 21 days from the date of the letter; and 2) the appeal would be abated to the trial court to determine whether appellant was receiving effective assistance of counsel if the docketing statement was not filed and the fees were not paid or an affidavit of indigence containing the information required to be considered by subsection (m) of section 56.01 of the Texas Family Code was not filed within 14 days from the date of the letter.

The deadline established by the Court in both letters passed without notice from appellant's counsel whether the reporter's record had been requested, without the docketing statement being filed with this Court, and without the appellate fees being paid or an affidavit of indigence being filed with this Court. No explanation or excuse was offered to the Court by appellant's counsel for these inactions. No communication, whatsoever, came from appellant's counsel. We had no choice but to abate this appeal to the trial court to determine why counsel had not responded to the Clerk's letters and had not taken the actions requested.

**DOCKETING STATEMENT AND RECORD**

The trial court conducted an abatement hearing and found that:

A copy of the file stamped Docketing Statement was presented during the hearing, and it shows that it was filed with the Brazos County District Clerk's Office on December 5, 2016….[Counsel] filed his request to have the court reporter transcribe the reporter's record on January 5, 2017.

When counsel does not communicate with the Court, we have no reason to know that he has filed any documents. We are unable to review what may have been filed somewhere other than with this Court. We certainly do not expect counsel to file documents we request to be filed here with a different court. And when the Rules of Appellate Procedure provide that a docketing statement must be "file[d] in the appellate court," TEX. R. APP. P. 32.1, it would make no sense for this Court to expect the docketing statement to be filed in the trial court. Counsel has regularly practiced before this Court and should know this rule. Further, in the Clerk's letter dated December 5, 2016, the Clerk asked counsel to request the record "and simultaneously notify us of that

request…." Counsel has yet to file with this Court a docketing statement or a notification that he requested the reporter's record as requested by this Court.

**FEES AND INABILITY TO PAY COSTS**

Further, we have no resolution as to whether appellate fees would be paid or an affidavit of inability to pay costs containing the information required to be considered by subsection (m) of section 56.01 of the Texas Family Code would be filed. The trial court found that

> During the hearing, [counsel] stated that appellant's mother was reluctant to sign an affidavit of indigence, and it caused him to miss the deadlines.

During the abatement hearing, counsel additionally asked the trial court to grant some sort of request for the mother to be held indigent based on a previous indigence finding by the juvenile referee. ("I've asked the Court to just grant that based on the previous indigency finding by the Juvenile Referree (sic)."). Supp. R.R. p. 7. Reviewing the record we have, a juvenile referee did not find appellant's mother to be indigent as to the payment of costs, only that she was "financially unable to employ an attorney to represent the child." C.R. p. 44. Nevertheless, the trial court "signed that order." Supp. R.R. p. 7.

We do not have a copy of the trial court's order or the document presented to the trial court by counsel at the hearing.

**REFEREE**

As a result of the foregoing, it has come to our attention that a referee heard the State's motion to modify the original disposition order pertaining to this juvenile. The

referee signed the Order Modifying Disposition and it is from this order that the appellant appeals. According to the Family Code, after a hearing conducted by a referee, the referee transmits written findings and recommendation to the juvenile court judge and the juvenile court judge "shall adopt, modify, or reject the referee's recommendations not later than the next working day after the day that the judge receives the recommendations." TEX. FAM. CODE ANN. § 54.10(d) (West xxxx). The failure of the juvenile court judge to act within the statute's timeframe "results in release of the child by operation of law…." *Id.* The order adopting the referee's recommendation in the clerk's record in this appeal is not signed. Thus, it appears the trial court did not adopt the referee's order modifying the appellant's disposition. Accordingly, because of this failure, it appears the child may have been released, and this appeal may be moot.

**ORDERS**

This appeal is reinstated.

Appellant 's counsel is **ORDERED** to file a docketing statement with *this Court*, as is required by the Rules of Appellate Procedure, within **7 days** from the date of this order. Appellant's counsel is **ORDERED** to file a copy of counsel's request for the reporter to file the reporter's record within **7 days** from the date of this order. If either of these items are not filed within the specified time period, this appeal will be abated to the trial court to initiate contempt proceedings against appellant's counsel.

The trial court clerk is **ORDERED** to file a supplemental clerk's record containing the order and request referenced in the supplemental reporter's record of the abatement hearing held on January 5, 2017, page 7, within **7 days** from the date of this order.

Depending on what was requested and what was ordered, further orders from this Court regarding appellant's inability to pay costs may be forthcoming.

The parties are **ORDERED** to file a response within **14 days** from the date of this order as to whether this appeal is moot due to the juvenile court judge having not adopted the referee's Order Modifying Disposition signed on August 29, 2016.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal reinstated
Order issued and filed February 15, 2017

